## Richards v.
## Johns-Manville Corporation

*Gene Locks,* for plaintiffs.

*Francis Marshall, John P. Kelley, G. Wayne Renneisen, Albert L. Bricklin, Edward Greer, Thomas O. Malcolm, Joseph H. Foster, A. Grant Sprecher, Joseph R. Thompson, Dan McWilliams, Earl T. Britt,* and *Peter P. Liebert, III,* for defendants.

TAKIFF, *J.,* January 18, 1978 — These preliminary objections and amended preliminary objections are brought by defendant, Raybestos-Manhattan, Inc., to plaintiffs' amended complaint, averring, inter alia, that the amended complaint was not timely filed, that incorporation of the original complaint was improper, that the doctrines of exclusive control and res ipsa loquitor do not apply to the facts set forth in the complaint, that a prior lawsuit had been commenced between the same parties by another attorney, acting as a bar to the instant action, and that the complaint fails to set forth with particularity the date of discovery by plaintiff of the diseases and injuries allegedly contracted. Upon consideration of the preliminary objections, amended preliminary objections, answers thereto and oral agrument held December 27, 1977, we find these objections to be without merit and, therefore, dismiss them.

Initially, we note that the amended complaint was timely filed. Our order of April 25, 1977, gave

plaintiffs up to 90 days from the date of the order to file their amended complaint. The amended complaint was duly filed by plaintiffs on July 21, 1977, three days prior to the effective deadline.

The amended complaint incorporates by reference various paragraphs of the original complaint. Defendant, Raybestos-Manhattan, contends that such incorporation is improper as the original complaint was stricken by our April 25, 1977, order. While the original complaint was indeed stricken, we do not agree that it is improper to incorporate portions of a stricken complaint in an amended one. Such incorporation does not prejudice defendant, but instead acts to highlight where changes in the original complaint were made, thereby assisting defendant to pinpoint where new objections may be made. Furthermore, incorporation provides the practical advantage of reducing the size of the amended pleading, resulting in space and other economies. This is consistent with the prevailing practice that an amended complaint should contain only the changes from the original one: 3 Standard Pa. Pract. §51, 736.

The remaining preliminary objections are ones which do not invoke averments made for the first time in the amended complaint. These objections could and should have been raised when defendant made the initial objections to the original complaint. Therefore, for the same reasons discussed in our opinion filed January 3, 1978, in Grugan v. Johns-Manville Corporation, et al., Court of Common Pleas, Philadelphia County, January term, 1977, no. 2052 (89), Case No. 1, Asbestos Case, these objections must be dismissed.

Accordingly, we enter the following

## ORDER

And now, January 18, 1978, upon consideration of defendant Raybestos-Manhattan, Inc.'s preliminary objections and amended preliminary objections, it is hereby ordered and decreed that said preliminary objections are stricken.